UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LANSANA CONTEH, ) | CASE NO. 4:18CV1357 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| MATTHEW WITAKER, ACTING ) | |
| U.S. ATTORNEY GENERAL, ) | |
| ) | |
| Respondent. ) | REPORT AND RECOMMENDATION |
| ) | OF MAGISTRATE JUDGE |
| ) | |

On May 28, 2018, pro se Petitioner Lansana Conteh ("Petitioner") executed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which was filed with this Court on June 14, 2018. ECF Dkt. #1[1]. In his petition for a federal writ of habeas corpus, Petitioner requests that he be released from detention by the United States Immigration and Customs Enforcement Department of Homeland Security ("ICE") pending the receipt of travel documents necessary to effect his removal from the United States. ECF Dkt. #1.

On September 11, 2018, this case was referred to the undersigned for a Report and Recommendation as to the § 2241 petition. ECF Dkt. #3. On February 7, 2019, Respondent United States Attorney General ("Respondent") filed a motion to dismiss, asserting that this Court lacks subject matter jurisdiction over Petitioner's case because he has been removed from the United States and deported to his native country of The Gambia as of November 29, 2018. ECF Dkt. #7. Respondent attaches as support a Declaration of Deportation Officer Husband and a Warrant of Removal/Deportation, both of which inform the Court that Petitioner was removed from the United States and deported to his native land of The Gambia on November 29, 2018. ECF Dkt. #s 7-1, 7-2. Respondent also refers to a prior Declaration of Deportation Officer Husband filed November 1, 2018 in his motion and brief. ECF Dkt. #7, citing to ECF Dkt. #6-1. Petitioner did not respond to Respondent's motion to dismiss.

---

[1] Page numbers in this report and recommendation refer to the Page ID# in the electronic filing system.

For the following reasons, the undersigned RECOMMENDS that the Court GRANT Respondent's motion to dismiss (ECF Dkt. #7) and DISMISS Petitioner's § 2241 federal habeas corpus petition in its entirety with prejudice.

## I. SYNOPSIS OF THE FACTS

Petitioner is a native and citizen of The Gambia. ECF Dkt. #1 at 1-2. According to Respondent, who cites to a declaration by Officer Husband, a Deportation Officer with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"), Petitioner attempted to enter the United States without proper entry documentation on or about December 16, 2016. ECF Dkt. #7-1 at 2, citing ECF Dkt. #6-1 at 1. Petitioner was charged as inadmissible under 8 U.S.C. § 212(a)(2)(7)(A)(i)(I) on January 19, 2017. *Id*. He appeared at a hearing on March 9, 2017 and sought to apply for relief from removal. *Id*. Petitioner, through counsel, filed applications for relief from removal and an immigration judge denied all forms of relief and issued a final order of removal on June 15, 2017. *Id*. Petitioner appealed to the Board of Immigration Appeals ("BIA"), and on November 27, 2017, the BIA dismissed his appeal and his removal order became administratively final on November 27, 2017. *Id*. Petitioner remained in custody with ICE during this period. *Id*. ICE requested that the government of The Gambia issue travel documents so that Petitioner could be removed from the United States and deported to The Gambia. *Id*.

On May 28, 2018, Petitioner executed the instant federal habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging ICE's continued physical custody of him while awaiting travel documents from The Gambia as violative of his due process rights under the United States Constitution. ECF Dkt. #1. On November 1, 2018, after receiving extensions of time within which to file, Respondent filed an Answer and Return. ECF Dkt. #6. Respondent attached a Declaration of Deportation Officer Husband to his Answer and Return. ECF Dkt. #6-1.

Meanwhile, on October 26, 2018, the Republic of the Gambia certified that Plaintiff is its citizen and it issued an Emergency Travel Document to facilitate repatriation. ECF Dkt. #7-2 at 3, citing ECF Dkt. #6-1 at 2-3. Petitioner continued to remain in ICE custody while awaiting the issuance of travel documents from The Gambia. ECF Dkt. #7-1 at 3.

On November 29, 2018, ICE successfully removed Petitioner from the United States to The Gambia. ECF Dkt. #7-2 at 1-2, citing ECF Dkt. #7-2.

## II. LAW AND ANALYSIS

Under Article III of the United States Constitution, federal courts may only adjudicate actual, ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (internal citations omitted). "Article III denies federal courts the power 'to decide questions that cannot affect the rights of the litigants in the case before them.'" *Id.* (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). It is well settled that the parties must continue to have a personal stake in the outcome. *Lewis*, 494 U.S. at 477; *Los Angeles v. Lyons,* 461 U.S. 95 (1983); *Baker v. Carr*, 369 U.S. 186 (1962).

District courts lack jurisdiction over prisoners who are not in government custody. 28 U.S.C. § 2241(c). There are limited exceptions to this rule, including when the released petitioner can establish that he will suffer future collateral consequences as a result of the detention or that the case is "capable of repetitive, yet evading review." *Lane v. Williams*, 455 U.S. 624, 632 (1982). However, Petitioner has not invoked any exceptions and none of the exceptions are present in the instant case. Further, the Sixth Circuit has held that once the Court can no longer grant the requested relief, and when there has been no showing that the petitioner's rights will be violated in the future or that any future violation could not be fully litigated prior to its cessation or expiration, the request for relief is rendered moot. *See Enazeh v. Davis*, 107 Fed. App'x 489 (6th Cir. 2004).

Here, both of the counts in Petitioner's § 2241 federal habeas corpus petition concerned his continued detention by Respondent pending removal to The Gambia. ECF Dkt. #1. However, Petitioner has been released from ICE detention and has been removed from the United States and deported to his native country, as evidenced by the Warrant of Removal/Deportation and the recent Declaration of Deportation Officer Husband. ECF Dkt. #s 7-1, 7-2. Petitioner does not allege that he will suffer any collateral consequences, or that this case is otherwise capable of "repetition, yet evading review." *See Spencer,* 523 U.S. at 17.

Based on the above, the undersigned recommends that the Court find that Petitioner's claims presented in his § 2241 federal habeas corpus petition are moot and thus the Court lacks subject

matter jurisdiction over that petition.

### III. CONCLUSION AND RECOMMENDATION

For the above reasons, the undersigned RECOMMENDS that the Court GRANT Respondent's motion to dismiss (ECF Dkt. #7) and DISMISS Petitioner's § 2241 federal habeas corpus petition (ECF Dkt. #1) in its entirety with prejudice.

DATE:  February 22, 2019        */s/ George J. Limbert*
                                                    GEORGE J. LIMBERT
                                                    UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).