**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LANSANA CONTEH,** | ) | **CASE NO. 4:18CV1357** |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. | ) | |
| **WILLIAM BARR,** | ) | **MEMORANDUM OF OPINION** |
| **U.S. ATTORNEY GENERAL,** | ) | **AND ORDER** |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Magistrate Judge George J. Limbert's Report and Recommendation (Doc. #8) to grant Respondent's Motion to Dismiss (Doc. #7) and dismiss Petitioner Lansana Conteh's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #1) in its entirety with prejudice. The Magistrate Judge based his Recommendation on this Court's lack of jurisdiction due to the deportation of Petitioner after the Petition had been filed.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). To invoke a federal court's jurisdiction, "[t]he parties must continue to have a "'personal stake in the outcome'" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461

U.S. 95, 101 (1983) (internal quotations omitted)). A federal district court may entertain an application for habeas relief only by a person held in government custody. 28 U.S.C. § 2241(c). All evidence before this Court suggests Petitioner is no longer "in custody." *See* Doc. 7-2, Declaration of Deportation Officer Aaron Husband.[1]

For a district court to exercise habeas jurisdiction after release, a petitioner must demonstrate he was in custody at the time he filed the petition and his release did not render the petition moot. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). An action is moot if "events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). "If a case becomes moot, it does not satisfy the 'case and controversy' requirement of Article III ... and the federal courts are powerless to decide it." *Id.*

Petitioner requested the Court "immediately release Petitioner from custody." He has not requested any other relief with respect to his removal order. In fact, "Petitioner does not challenge the validity of the removal order aganist [sic] him." (Doc. 1, PageID# 2). Since Immigration and Customs Enforcement deported Petitioner, this Court can no longer grant Petitioner's requested relief. As such, this case is moot. *See Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004) (a petitioner's deportation renders his claim for release from detention moot). And the Petitioner has not advanced, nor can the Court determine, any exception to the mootness doctrine. *See Lane v. Williams*, 455 U.S. 624, 632-34 (1982) (exceptions to the mootness doctrine occur when the released prisoner can establish he will suffer future collateral consequences from the action or that the petitioner would be subjected to the same action again).

---

[1] *See also*, Doc. 10 (returned mail stamped with "INMATE PAROLED OR RELEASED").

As mentioned, Petitioner only sought his immediate release pending deportation, not relief from any collateral consequences to his removal.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, **GRANTS** Respondent's Motion to Dismiss and **DISMISSES** Petitioner's Petition in its entirety with prejudice. The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: April 1, 2019**